Daniel T. Huang, ESQ. (Cal Bar 185948)
Law Office of Daniel Huang
506 N. Garfield Ave., Ste. 100
Alhambra, CA 91801
Tel: (626) 289-0006
Fax: (626) 289-0005
Lawyer99@pacbell.net

Attorney for Plaintiff

FILED

2007 MAY 23  A 10: 01  ORIGINAL

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

ADP

E-FILING

sm  #99
Fees Pd
SI

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

C07 02719 RS

PEINING YU, individually,

    Plaintiff,

    v.

EMILIO T. GONZALEZ, Director of
the U.S. Citizenship and Immigration
Services,

ALBERTO R. GONZALES, as
Attorney General of the United States,

MICHAEL CHERTOFF, in his Official
Capacity, Secretary, United States
Department of Homeland Security.

    Defendants.

Case No.:
[Agency File No. WSC*000982732]

COMPLAINT FOR DECLARATORY
RELIEF IN THE NATURE OF
PETITION FOR NATURALIZATION
IN PURSUANT TO 8 USC § 1447(b)

Complaint

## PETITION FOR HEARING ON NATURALIZATION
## APPLICATION UNDER 8 U.S.C. §1447(b)

1.      Plaintiff, Peining Yu ("Petitioner"), files this Petition for Review

pursuant to 8 U.S.C. § 1447(b), Immigration and Nationality Act ("INA") §

336(b), seeking de novo judicial review of his application for naturalization and

requesting that this Court grant his application for naturalization or, if necessary,

order that a hearing take place in this matter.

2.      Plaintiff files this Petition for Review because the United States

Department of Homeland Security ("DHS") has failed to make a determination

regarding Plaintiff's application for naturalization for well over 120 days since the

naturalization examination was conducted at the Citizenship and Immigration

Services ("CIS") office in Oakland, California. See 8 U.S.C. § 1447(b). His

application has been pending for more than three years since the date of his

interview.

3.      Plaintiff is a citizen and national of China and has been a lawful

permanent resident of the United States since 1993. The United States Citizenship

and Immigration Services ("CIS"), which is part of DHS, received Plaintiff's

application for naturalization, on June 10, 2003. His naturalization interview was

held in Oakland, California, on January 24, 2004. At the conclusion of the

interview, Plaintiff was told that he had passed the naturalization examination and

that his application was recommended for approval. Plaintiff was also advised that he would be notified in a few weeks when and where to report for the Oath Ceremony if final approval is granted.  However, over three years have elapsed, Plaintiff still has not received the final approval for his application.

4.      Plaintiff meets all statutory requirements for naturalization. See 8 U.S.C. § 1427(a); INA § 316(a).  He had continuously resided as a lawful permanent resident in the United States for over 5 years, and has been physically present in the United States during the five years prior to filing his application for naturalization. See 8 U.S.C. §§ 1427(a)(1), (a)(2). Petitioner has been and is still a person of good moral character during all these years. See 8 U.S.C. § 1427(a)(3); 8 C.F.R. § 316.10.  He has not been arrested or convicted of any criminal conduct at any time, including within the statutory five-year period during which he must demonstrate good moral character.  Thus, Plaintiff meets all statuary requirements for naturalization.

5.      During the last more than three years, Plaintiff has made numerous requests to the DHS for adjudication of his application for naturalization by himself and through his previous immigration attorney.  Since Plaintiff had his naturalization interview and passed his naturalization examination in January 2004, the agency has taken no substantial action to adjudicate the application.

Complaint

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction over this action pursuant to 8 U.S.C. § 1447(b) (United States District Court may determine naturalization application when the DHS has failed to determine the matter within 120 days of the date on which the naturalization examination was conducted); 28 U.S.C. § 2201 (Declaratory Judgment Act); and 28 U.S.C. § 1321 (Federal question jurisdiction).

7.    Venue is proper with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which the Defendants are employees or officers of the United States, acting in their official capacity, and an agency of the United States; and because the named Petitioner resides in the Northern District of California and there is no real property involved in this action. See also 8 U.S.C. § 1447(b) (venue proper in "district court for the district in which the applicant resides").

8.    Intradistrict Assignment: As required by Local Rule 3-5(b), this case may be assigned to the San Jose Division because this case is not one of the enumerated types of cases in Civil Local Rule 3-2(c), and because Plaintiff resides in San Jose, which falls within the jurisdiction of the San Jose District Office for CIS and the San Jose division of this Court. See Civil L.R. 3-2(c), (d).

Complaint

**PARTIES**

9.    Plaintiff Peining Yu is a lawful permanent resident of the United States from China.  His N-400 Application for Naturalization was received by the U.S. Citizenship and Immigration Services ("USCIS") California Service Center on June 10, 2003.[1]  Presently, Plaintiff's N-400 application is still pending the completion of routine background checks at the USCIS.

10.    Defendant Emilio T. GONZALEZ is the Director of the U.S. Citizenship and Immigration Services ("USCIS"), and this action is brought against him in his official capacity.  He is generally charged with the implementation of the Immigration & Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the USCIS. More specifically, Mr. Gonzalez is responsible for the adjudication of applications for naturalization under §310 and §335 of the Immigration and Nationality Act ("INA") implementing regulations.[2]

11.    Defendant Alberto R. GONZALES is the Attorney General of the United States, and this action is brought against him in his official capacity.  He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees

---

[1] Plaintiff's N-400 Receipt, Exhibit A, p. 14
[2] 8 U.S.C. §1421 and §1446

Complaint

of the FBI, an agency under the Department of Justice. More specifically, Mr. Gonzalez is responsible for overseeing the National Name Check Program ("NNCP") mandated by Executive Order 10450. Presently, every immigrant must receive a clearance from the FBI under the NNCP before the adjustment application can be approved. See 22 C.F.R. §42.67(c) (2).

12.    Defendant Michael CHERTOFF is sued in his official capacity as the Secretary of DHS. In this capacity, he has responsibility for the administration and enforcement of the immigration and naturalization laws pursuant to section 402 of the Homeland Security Act of 2002, 107 Pub. L. No. 296, 116 Stat. 2135 (Nov. 25, 2002); see also 8 U.S.C. § 1103.

## FACTS

13.    Plaintiff is a citizen and national of China. He has been a lawful permanent resident of the United States since 1993 and has resided continuously in the United States since that time.[3]

14.    Plaintiff currently lives in San Jose, California while his wife and his minor daughter who was born in the United States reside separately from him in Shanghai, China.[4]

---

[3] See Declaration of Peining Yu, Exhibit F, pp.24-29
[4] Id.

Complaint

15.    Plaintiff filed his application for naturalization (Form N-400)[5] on June 23, 2003. At the time Plaintiff filed his application for naturalization, he had resided continuously within the United States for over five years as a lawful permanent resident.  He has also been physically present in the United States for the five-year period prior to filing his application for naturalization, and had continuously resided in California for over five years. Plaintiff has never been convicted of any crimes, including within the five years prior to filing the application.[6]

16.    On January 27, 2004, Plaintiff appeared for an interview before Officer William Cubley in connection with his Application for Naturalization (N-400). [7]  At the conclusion of the interview, Officer Cubley indicated to Plaintiff that he passed the English and U. S. History and Government examinations and that his application has been recommended for approval.  Plaintiff was also advised that if final approval is granted, he would be notified of the date and location for the Oath Ceremony.[8]

17.    About two-months after the interview, as he had not received any

---

[5] Plaintiff's N-400 Receipt, Exhibit A, p. 14
[6] Declaration of Peining Yu, Exhibit F, pp.24-29
[7] Notably, the federal regulations at 8 C.F.R. § 335.2 state that "The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed." See 8 C.F.R. § 335.2 (March 17, 1998) (emphasis added)
[8] Plaintiff's Citizenship Interview Result, Exhibit B, p. 15

7                                    Complaint

information from the CIS, Plaintiff made a drop-in inquiry to CIS Oakland office where he was told that his name check was still in process. [9]

18.    On April 12, 2004, Plaintiff faxed an inquiry to FBI's name check unit requesting an update on the name check status. [10] The email response from FBI indicated that there was an error with the request for Plaintiff's name check submitted by USCIS in June 2003 and that FBI were unable to be of more assistance without receipt of further resubmissions of the request by USCIS.[11]

19.    Having failed to get anything further than repetitive and seemingly formatted answers from phone inquiries to CIS, Plaintiff's previous attorney Mr. Marc Van Der Hout had also sent several letters to USCIS to inquire about the status of Plaintiff's case and request CIS to retake Plaintiff's fingerprints, if necessary, approve his application and schedule him for naturalization oath ceremony as soon as possible. [12]

20.    Plaintiff was dismayed that all responses from USCIS, written or verbal, had been consistently limited to stating that Plaintiff's Application for Naturalization, is still pending for the completion of all necessary background

---

[9] Declaration of Peining Yu, Exhibit F, p.24
[10] Id, p.25
[11] Email response from FBI, Exhibit C, p. 16
[12] Inquiry letters to USCIS Oakland by previous attorney, Exhibit D, pp. 17-21; Declaration of Peining Yu, Exhibit F, pp.25-26

Complaint

25.    Due to the government's delay in adjudicating his application Plaintiff has had to live separately from his wife and daughter who are now in China. Plaintiff has had to travel back and forth China and the United States in order to take care of the family in China and to keep his continuity of residence in the United States. Because Plaintiff's wife whom he met and married in the United States had returned to China after completion of her practical training as a foreign student and their daughter, a U.S. Citizen, who was born to their marriage in August 2001 in California, had to live in Shanghai China to be with her mother. In addition, the pending application has caused Plaintiff significant stress and anxiety over his daughter's education. [17]

26.    Plaintiff has always sought to abide by the law in the United States and has been looking forward to becoming a United States citizen so that he could file immediate relative immigrant petition for his wife to come and reestablish their living in the United States. Unless Plaintiff becomes a U.S. Citizen the family would have to be waiting for at least 4 to 5 years to fulfill the plan. [18] Thus, CIS' delay in adjudicating Plaintiff's application for naturalization is causing significant prejudice to Plaintiff, who has sought to comply fully with the naturalization requirements and procedures throughout all the years since he became a permanent resident of the United States and while his application for

---

[17] Id, p.28
[18] Id, pp.28-29

Complaint

checks. [13]

21.     In late 2005, as there was still no progress of his application and all his previous efforts had come to no avail, Plaintiff had to seek assistance from Senator Ben Nelson whose efforts were given no positive results either. [14]

22.     In January 2007, Plaintiff made another in person inquiry to USCIS Oakland Office where he was told that his case should be brought to a conclusion within a couple months.  However additional 4 months have passed, the case remains unresolved. [15]

23.     The DHS' refusal to adjudicate Plaintiff's application for naturalization has caused great distress on Plaintiff and his family.  Because of the government's delay in processing his application, Plaintiff and his family have suffered emotional harm and financial burden.

24.     Specifically, to compel a final decision on his application, Plaintiff has had to pay unexpected fees in the thousands of dollars for professional services ranging from numerous written or verbal inquiries, strategy sessions exploring effective means to urge USCIS to act, to attorneys' intra-office communications and periodic reviews and administrative updates, etc. [16]

---

[13] USCIS's responses to Plaintiff's inquires, Exhibit E, pp.22-23; Declaration of Peining Yu, Exhibit F, p.26
[14] Declaration of Peining Yu, Exhibit F, p.26
[15] Id, p.27
[16] Id, p.27

naturalization is pending.

## CAUSE OF ACTION
### COUNT ONE
### (FAILURE TO RENDER DECISION ON NATURALIZATION WITHIN 120 DAYS OF INTERVIEW)

27.      The allegations contained in paragraphs 13 through 26 are repeated and realleged as though fully set forth herein.

28.      The DHS failed to adjudicate Plaintiff's application for naturalization within 120 days of Plaintiff's completion of his naturalization examination. Pursuant to 8 U.S.C. § 1447(b), INA § 336(b), the United States District Court for the district in which Plaintiff resides "has jurisdiction over the matter and may either determine or remand the matter, with appropriate instructions, to the Service to determine the matter" if no action is taken on a naturalization application within 120 days of completion of the examination. Plaintiff received notice that he passed all of the requirements for his naturalization examination on January 27, 2004. Plaintiff also meets all statutory requirements for naturalization pursuant to 8 U.S.C. § 1430(a), INA § 319(a). Therefore, this court has the authority to adjudicate Plaintiff's application.

///

///

# **PRAYER FOR RELIEF**

29.    WHEREFORE, Plaintiff prays that this Court grant the following relief:

1) Grant this petition and enter a judgment granting Plaintiff's naturalization and ordering that he is a naturalized citizen of the United States,

2) In the alternative, remand the application to USCIS with an order that it adjudicate the application within 120 days of said order;

3) If necessary, order a hearing on this matter;

4) Award reasonable cost and attorney's fee under the Equal  Access to Justice Act and/or other appropriate authority and

5) Grant further relief as the court deems just and proper.


Dated: May 15, 2007


Daniel T. Huang
Law Office of Daniel Huang
506 N. Garfield Ave., Ste. 100
Alhambra, CA 91801
Tel: (626) 289-0006
Fax: (626) 289-0005
Lawyer99@pacbell.net

12                          Complaint

Case Title: <u>Yu v Gonzalez et al</u>, Case Number:

**LIST OF ATTACHMENTS**

| *Exhibit* | *Description* |
|---|---|
| **A** | Plaintiff's N-400 Application receipt,   p.  14 |
| **B** | Citizenship interview/examination results,   p.   15 |
| **C** | FBI's email in response to Plaintiff's status inquiry, p. 16 |
| **D** | Inquiry letters to USCIS Oakland by previous attorney, pp. 17-21 |
| **E** | USCIS' Responses to Plaintiff's inquiries,  pp.22-23 |
| **F** | Declaration of Mr. Peining Yu, pp. 24-29 |

U.S. Department of Justice
Immigration and Naturalization Service  **Notice of Action**

## THE UNITED STATES OF AMERICA

| Receipt with Exception | | NOTICE DATE<br>June 17, 2003 |
|---|---|---|
| CASE TYPE<br>N400   Application For Naturalization | | INS A#<br>A |
| APPLICATION NUMBER<br>WSC*000982732 | RECEIVED DATE<br>June 10, 2003 | PRIORITY DATE<br>June 10, 2003 | PAGE<br>1 of 1 |

APPLICANT NAME AND MAILING ADDRESS

PEI NING YU
c/o MARC VAN DER HOUT
VAN DER HOUT AND BRIGAGLIANO
180 SUTTER ST FIFTH FL
SAN FRANCISCO CA 94104

PAYMENT INFORMATION:

Single Application Fee:      $310.00
Total Amount Received:       $310.00
Total Balance Due:             $0.00

The above application has been received by our office and is in process, but has been noted with one or more of the following exception(s):

Missing Evidence(s) - your application was missing evidence(s) that you will need to provide at the time of your naturalization interview. You will be notified under separate notice of the necessary evidence(s) that you will be required to bring to your interview. Do not submit any evidence(s) by mail.

**RECEIVED**

JUN 2 0 2003

Our records indicate your personal information is as follows:
Date of Birth:       March 11, 1958
Address Where You Live:   6541 MOESER LN 4
                          EL CERRITO CA 94530

VAN DER HOUT & BRIGAGLIANO

Please verify your personal information listed above and immediately notify our office at the address or phone number listed below if there are any changes.

You will be notified of the date and place of your interview when you have been scheduled by the local INS office. You should expect to be notified within 460 days of this notice.

IMPORTANT NOTICE:       All naturalization applicants who were between the ages of 14-75 at the time of filing must have their fingerprints taken at an INS Application Support Center (ASC) so they can be submitted to the Federal Bureau of Investigation for a criminal history check. If we received your application without a fingerprint card (FD-258), or your fingerprint card was received on or after December 3, 1997, you will need to go to an ASC to be fingerprinted. Do not have your fingerprints taken anywhere else. You will receive a notice that will provide you with information about when and where to go to have your fingerprints taken, and what you will need to bring with you. Please inform the office listed below immediately of any address changes.

If you have any questions or comments regarding this notice or the status of your case, please contact our office at the below address or customer service number. You will be notified separately about any other cases you may have filed.

If you have other questions about possible immigration benefits and services, filing information, or INS forms, please call the INS National Customer Service Center (NCSC) at **1-800-375-5283**. If you are hearing impaired, please call the NCSC TDD at **1-800-767-1833**.

If you have access to the Internet, you can also visit INS at **www.ins.usdoj.gov**. Here you can find valuable information about forms and filing instructions, and about general immigration services and benefits. At present, this site does not provide case status information.

**INS Office Address:**
US IMMIGRATION AND NATURALIZATION SERVICE
CALIFORNIA SERVICE CENTER
P.O BOX 10400
LAGUNA NIGUEL CA 92607-

**INS Customer Service Number:**
(949) 831-8427

REPRESENTATIVE COPY

WSC$001069146

Form I-797C (Rev. 09/07/93) N

Exhibit A, Plaintiff's N-400 Application Receipt

-14-

U.S. Department of Homeland Security
San Francisco, CA 94111

 **U.S. Citizenship**
a
S



USC    06/12/2003

On _____ you were interviewed by CIS officer    William Cubley

☑ You passed the tests of English and U.S. history and government.
☐ You passed the test of U.S. history and government and the English language requirement was waived.
☐ The Service has accepted your request for a Disability Exception. You are exempted from the requirement to demonstrate English language ability and/or knowledge of U.S. history and government.
☐ You will be given another opportunity to be tested on your ability to _____ speak / _____ read / _____ / write English.
☐ You will be given another opportunity to be tested on your knowledge of U.S. history and government.
☐ Please follow the instructions on the Form N-14.
☐ INS will send you a written decision about your application.
☐ You did not pass the second and final test of your _____ English ability / _____ knowledge of U.S. history and government. You will not be rescheduled for another interview for this N-400. INS will send you a written decision about your application.

A) _____ **Congratulations! Your application has been recommended for approval.**
At this time, it appears that you have established your eligibility for naturalization. If final approval is granted, you will be notified when and where to report for the Oath Ceremony.

B) _____ A decision cannot yet be made on your application, as your application requires further Supervisory review.

_____ A decision cannot be made on your application, as all required background checks have not been completed. Please do not inquire as to the status of your case, as these pending applications are checked regularly.

**It is very important that you:**

✓ Notify CIS if you change your address.
✓ Come to any scheduled interview.
✓ Submit all requested documents.
✓ Send any questions about this application in writing to the named above. Include your full name, A-number, and a copy of this paper.
✓ Go to any oath ceremony that you are scheduled to attend.
✓ Notify INS as soon as possible in writing if you cannot come to any scheduled interview or oath ceremony. Include a copy of this paper and a copy of the scheduling notice.

www.dhs.gov

Exhibit B, Citizenship interview/examination results

Paul N. Yu

From:       <h9m47r4@fbi.gov>
To:         <peiming.yu@comcast.net>
Sent:       Friday, May 14, 2004 3:41 PM
Subject:    Immigration Status

Dear Peiming Yu:

This is in reference to your facsimile dated April 12, 2004, concerning your immigration status.  A review of the FBI's Name Check Program database revealed that we received a request from the U.S. Citizenship and Immigration Services (USCIS) for you in June, 2003.  However, this submission resulted in an error with the request and was not accepted by our automated system.  Since no further resubmissions have been received by the USCIS, we are unable to be of more assistance at this time.

                                                                Sincerely yours,
                                                                David M. Hardy

**Exhibit C, FBI's email in response to Plaintiff's status inquiry**
**- 16 -**

# Van Der Hout, Brigagliano & Nightingale, LLP

Marc Van Der Hout
Christine Brigagliano
Zachary Nightingale
Stephanie Goldeborough*
Ilyce Shugall **
Stacy Tolchin
Mark Yeager
Courtney McDermed ***

*Admitted in Colorado
**Admitted in Illinois
***Admitted in Arizona

180 Sutter Street, Fifth Floor
San Francisco, CA 94104-4029
(415) 981 3000  Telephone
(415) 981 3003  Fax

Palo Alto Office
(650) 688 6020  Telephone

Maria Celebi, Of Counsel

## VIA CERTIFIED MAIL
April 28, 2004

U.S. Citizenship and Immigration Services
**Attn: Naturalization Inquiry**

Oakland Federal Building
1301 Clay Street, Room 380 North
Oakland, CA 94612

> RE:    **NATURALIZATION APPLICATION INQUIRY**
>        YU, Pei-ning
>        A

Dear Sir or Madam:

On January 27, 2004, the above-referenced individual appeared for his naturalization interview with Officer Bill Cubley at 1301 Clay Street in Oakland and was recommended for approval. It has been over three months since this interview and Mr. Yu has yet to receive a notice of approval of his application for naturalization nor has Mr. Yu been scheduled for a naturalization oath ceremony. I write to inquire as to the status of Mr. Yu's application for naturalization and request that you approve his application and schedule his naturalization oath ceremony as soon as possible.

If any further documentation is required or you have any questions regarding this matter, please contact us at 415/981-3000.

Thank you for your attention to this matter.

Sincerely,

Marc Van Der Hout

cmcd/alei
cc:    Pei-Ning Yu

**Exhibit D, Inquiry letter to USCIS Oakland by previous attorney**

# Van Der Hout, Brigagliano & Nightingale, LLP

Marc Van Der Hout
Christine Brigagliano
Zachary Nightingale
Stephanie Goldsborough*
Ilyce Shugall **
Stacy Tolchin
Mark Yeager
Courtney McDermed ***

*Admitted in Colorado
**Admitted in Illinois
***Admitted in Arizona

180 Sutter Street, Fifth Floor
San Francisco, CA 94104-4029
(415) 981 3000  Telephone
(415) 981 3003  Fax

Palo Alto Office
(650) 688 6020  Telephone

Maria Celebi, Of Counsel

<u>VIA CERTIFIED AND ELECTRONIC MAIL</u>
June 10, 2004

U.S. Citizenship and Immigration Services
**Attn: Naturalization/Name Check Inquiry**

Oakland Federal Building
1301 Clay Street, Room 380 North
Oakland, CA 94612
Natz.sfr@usdoj.gov

RE:    <u>NATURALIZATION APPLICATION PROCESSING INQUIRY</u>
         **YU, Pei-ning**
         A

Dear Sir or Madam:

I represent the above-referenced applicant in his immigration proceedings. On January 27, 2004, the applicant appeared for his naturalization interview with Officer Bill Cubley at 1301 Clay Street in Oakland and was recommended for approval. It has been over four months since Mr. Yu's interview and he has yet to receive a notice of approval of his application for naturalization.

Our office inquired on Mr. Yu's behalf on April 28, 2004 and received a response from the U.S. Citizenship and Immigration Services (USCIS) in Oakland, CA on June 3, 2004 which stated that "a review of your application shows that your Form N–400 Application for Naturalization, is still pending for the completion of all necessary background checks" and that a decision could not be made until such checks have been completed.

In April 2004, Mr. Yu faxed an inquiry to the FBI's name check unit requesting an update on the status of any pending USCIS name checks for his name. On May 14, 2004, David M. Hardy of the FBI replied by email, stating that:

"A review of the FBI's Name Check Program database revealed that we received a request from the U.S. Citizenship and Immigration Services (USCIS) for you in June, 2003. However, this submission resulted in an error with the request and was not accepted by our automated system. Since no further resubmissions have been

**Exhibit D, Inquiry letter to USCIS Oakland by previous attorney**

Inquiry Letter to USCIS
June 10, 2004
Page 2

received by the USCIS, we are unable to be of more assistance at this time."
(Emphasis added)

In light of the correspondence Mr. Yu received from the FBI and the fact that four months have elapsed since his interview, we would ask that you review Mr. Yu's file to determine whether there has been a problem with his background check. If there has, in fact, been an error, Mr. Yu would be happy to be fingerprinted again should that be necessary.

Thank you for your prompt attention to this matter. Kindly advise me of the outcome of your inquiry in writing or by contacting my assistant, Aaron Leiderman, at (415) 981-3000.

Sincerely,

Marc Van Der Hout

ishu/alei
cc:    Pei-Ning Yu

**Exhibit D, Inquiry letter to USCIS Oakland by previous attorney**

# Van Der Hout, Brigagliano & Nightingale, LLP

Marc Van Der Hout
Christine Brigagliano
Zachary Nightingale
Ilyce Shugall *
Stacy Tolchin
Mark N. Yeager
Courtney McDermed **
Stacey L. Gartland

180 Sutter Street, Fifth Floor
San Francisco, CA 94104-4029
(415) 981 3000   Telephone
415) 981 3003   Facsimile

Palo Alto Office
(650) 688 6020   Telephone

*Admitted in Illinois
**Admitted in Arizona

## VIA CERTIFIED AND ELECTRONIC MAIL

August 23, 2004

Attention: Supervisor, Naturalization Unit
U.S. Citizenship & Immigration Services
Oakland Federal Building
1301 Clay Street, Room 380 North
Oakland, CA 94612
natz.sfr@dhs.gov

Re:   3RD INQUIRY RE: NATURALIZATION APPLICATION (N–400)
       YU, Pei-ning
       A

Dear Sir or Madam:

I represent the above referenced individual in immigration matters. On January 27, 2004, Mr. Yu appeared before Officer William Cubley for an interview in connection with his naturalization application. Officer Cubley issued a notice to Mr. Yu indicating that he passed the English and U.S. history and government examinations and that his application was recommended for approval. Please see enclosed notice, dated January 27, 2004.

Nearly seven (7) months have passed since Mr. Yu appeared before Officer Cubley for his interview and he has not yet received a notice of approval of his application for naturalization.

On April 28, 2004, our office inquired as to the status of Mr. Yu's naturalization application and received a response from the U.S. Citizenship & Immigration Services ("CIS") in Oakland, CA stating, "a review of your application shows that your Form N-400 Application for Naturalization, is still pending for the completion of all necessary background checks" and that a decision cannot be made until such checks are completed. Over two (2) months have elapsed since the CIS issued this letter, dated June 2, 2004, and Mr. Yu is still waiting for a final decision on his application for naturalization.

**Exhibit D, Inquiry letter to USCIS Oakland by previous attorney**

YU, Pei-ning
A
August 23, 2004
Page 2

      Additionally, our office inquired with the CIS via electronic mail on June 10, 2004 as to the status of Mr. Yu's application and received a response from the CIS on June 15, 2004. However, we still do not have a clear idea of when the CIS will schedule the swearing in ceremony.

      Thus, I am writing to request that Mr. Yu's application be adjudicated and that an appointment notice be issued regarding his Oath Ceremony.

      Thank you very much for your prompt attention to this matter. Please kindly advise me as to the status of Mr. Yu's naturalization application by writing or calling my legal assistant, Amy Moses, at (415) 981-3000.

Sincerely,

Marc Van Der Hout

MV/Cmed/Rdes
Enclosure
cc:    Pei-ning Yu

**Exhibit D, Inquiry letter to USCIS Oakland by previous attorney**

U.S. Department of Homeland Security
San Francisco, CA 94111



**U.S. Citizenship
and Immigration
Services**

PEI-NING YU

6541 MOESNER LANE #4

EL CERRITO CA 94530

File No. A

App Id: WSC*982732

Date: September 10, 2004

Officer: OKL/CB/KJ

Cc: Marc Van Der Hout, Esq

Re: Pending N-400 for Background Check

        This is in response to your recent inquiry.   A review of
your application shows that your Form N-400, Application for
Naturalization, is still pending for the completion of all
necessary background checks. Unfortunately a decision on your
application cannot be made until all required security checks
have been completed. All cases pending for security checks are
regularly reviewed for any new cases that have been cleared.   We
apologize for the delay and request your cooperation and patience
in waiting for these important checks to be completed.


        Thank you for your cooperation and patience.

        U.S. Citizenship and Immigration Services
        1301 Clay Street, Room 380N
        Oakland, California  94612-5217

www.dhs.gov

**Exhibit E, USCIS' Response to Plaintiff's inquiry**

U.S. Department of Homeland Security
San Francisco, CA 94111



**U.S. Citizenship
and Immigration
Services**

PEI NING YU                    File No. A          L
6541 MOESER LANE #4            App Id:  WSC*982732
EL CERRITO  CA 94530           Date: October 27, 2004
                               Officer:

**A Note to Our Applicants Regarding National Security Checks:**

A final Decision cannot be made on any application for naturalization until national security checks are complete and the local US CIS office receives a response.

This process can take many months. Authorities in the Washington D.C. area complete the checks and this office has no control over the pace of their completion. **In fact, it is not unusual for the checks to take well over six months.**

It is important to understand that your case is not the only one. At any given time, there are many hundreds of this office's cases pending due to national security checks and that a significant portion of the checks take more than six months. Cases with pending security checks are queried every week to ensure that those that have cleared are acted on in a timely manner.

I thank you for your patience and, with this information in mind, I ask that you wait at least 120 days from the date of your interview before making any inquiries into the status of your case. This will help us use our personnel more efficiently to complete cases rather than diverting them to answer premature status inquiries.

I note that you were interviewed on JANUARY 27, 2004 for naturalization.

Sincerely,

David N. Still
District Director

**Exhibit E, USCIS' Response to Plaintiff's inquiry**

**- 23 -**

www.dhs.gov

## Declaration of Peining Yu

I, Peining Yu, hereby declare and state:

1.  I first came to the United States as foreign student with an F-1 visa in 1981. I currently reside at 1116 Littleoak Circle, San Jose, CA 95129.

2.  I have been a lawful permanent resident of the United States since September 24, 1993.

3.  On March 06, 2003, I filed N-400 Application for Naturalization with USCIS California Service Center (CSC).

4.  My N-400 application was received by USCIS CSC on June 10, 2003.

5.  The interview/examination on my application for naturalization was conducted on January 27, 2004 at USCIS Oakland District Office.

6.  After the interview, the interviewing officer Mr. William Cubley congratulated me on my having passed the examination and told me that my application had been recommended for approval. I was also advised, in the presence of my previous attorney, Mr. Marc Van Der Hout, that I would be notified in a few weeks when and where to report for the Oath Ceremony if final approval is granted.

7.  About two-month after the interview, as I had not received any information from the CIS, my attorney advised for a drop-in inquiry so I made one to CIS Oakland office where I was told that the name check was still in process.

**Exhibit F, Declaration of Mr. Peining Yu**

8.    On April 12, 2004, I faxed an inquiry to FBI's name check unit requesting an update on the name check status.

9.    On April 28, 2004, three months after I was interviewed and my N400 application was recommended for approval, Mr. Marc Van Der Hout wrote on my behalf to USCIS via certified mail to inquire as to the status of my N400 application and request approval and scheduling my naturalization oath ceremony as soon as possible.

10.   On May 14, 2004, I received from David M. Hardy of the FBI an email in response to my facsimile dated April 12, 2004. Mr. Hardy stated in this email:

> "A review of the FBI's Name Check Program database revealed that we received a request from the U.S. Citizenship and Immigration Services (USCIS) for you in June, 2003. **However, this submission resulted in an error with the request and was not accepted by our automated system. Since no further resubmissions have been received by the USCIS,** we are unable to be of more assistance at this time." **(Emphasis** added)

11.   On June 10, 2004, being unable to get anything further than repetitive and seemingly formatted answers from phone inquiries to CIS, my counselor sent a formal written inquiry to USCIS via certified and electronic mail. In this inquiry, with the information I received from the FBI, the attorney respectfully and specifically asked USCIS to review my file to determine

**Exhibit F, Declaration of Mr. Peining Yu**

<u>**Declaration of Peining Yu**</u>

whether there has been a problem with my name check and offered that I be fingerprinted again should that be necessary.

12.    Nonetheless, the responses I had received, written or verbal, from USCIS had been consistently limited to stating that "a review of your application shows that your Form N-400 Application for Naturalization, is still pending for the completion of all necessary background checks."

13.    While all requests to USCIS for reviewing my file to determine whether there has been a problem with my name check remains unanswered, I received a signed letter from Mr. David N. Still, District Director, USCIS, San Francisco, US Department of Homeland Security of October 27, 2004 asking for my continued patience on my N-400 Application decision and advising that I "wait at least 120 days from the date of your interview before making any inquiries into the status" of my case.

He further stressed with underlined capital letters that he noted I was interviewed on <u>JANUARY 27, 2004</u> for naturalization. October 27 was exactly ten-month anniversary of my successful interview, well over 120 days after the date of my interview.

Dismayed was I.

14.    As there was no progress of my application for virtually a year since my passing naturalization interview and all my previous efforts have come to no avail, I had to ask Senator Ben Nelson for help in late 2005. His efforts made no difference either.

**Exhibit F, Declaration of Mr. Peining Yu**

**Declaration of Peining Yu**

15.    In January 2007, I paid a visit to the USCIS Oakland Office for still another in person inquiry. The officer very warmly and comfortingly advised with highest degree of confidence that the name check process on me should be brought to a conclusion in a couple of months' time.  I left him with beaming optimism. More than four months have elapsed, as of today, the problem remains unsolved.

16.    I have been in the United States as a lawful permanent resident for over 13 years.  Since I came here, I have not committed any crime and I have always abided by the U.S. Law.

17.    The government's delay in the processing of my citizenship application has caused great distress on my family. The harms and hardship on me and my family are evidently financially, pragmatically, and emotionally.

18.    To compel a final decision on my application, I have had to pay unexpected fees in the thousands of dollars for professional services ranging from numerous written or verbal inquiries, strategy sessions exploring effective means to urge USCIS to act, to attorneys' intra-office communications and periodic reviews and administrative updates, etc, etc.

And, thanks to the exceedingly lengthy duration of this process resulted from the government's delay in adjudicating my application, not only my file had grown into a rather thick pile,  I have had opportunities of getting acquainted with several new legal assistants to my previous attorneys, resulting from natural employee turn over. Stunningly and, perhaps, justifiably, I became financially responsible for the time needed to bring these enthusiastic individuals up to speed with my case.  Indeed, how

**Exhibit F, Declaration of Mr. Peining Yu**

delightful would it have been should the fees be paid to the outstanding services by these world-class professionals *for other and much more pleasant matters!!*

19.   Due to the government's delay in adjudicating my application I have had to live separately from my wife and daughter who are now in China and, I have had to travel back and forth China and the United States in order to take care of the family in China and to keep the continuity of residence in the United States. Because I met and married my wife in the United States while she was a foreign student here, our daughter was born to this marriage in August 2001 in California.  She is thus a US Citizen.

While my wife was here in the United States, I planned to file immediate relative immigrant petition for her after I become a U.S. citizen so that she might apply for adjustment of status in the United States. I never expected my application for naturalization would have been pending for three and a half years!!!  Having finished her Masters degree in 2004, my wife had to return to China in 2005 with our daughter after completion of her practical training as a foreign student in the US.  We take great care to assure she would not outstay in the US, and she has not overstayed her status.

20.   Now my daughter is reaching her grade school age yet she has to live in Shanghai to be with her mother.  The only option we now have is to send her to a school in China.  It made my heart fall from time to time to hear the little girl saying to her friends, "... you were born here?  I was born in America...," in proper Mandarin as her childish English acquired in her earlier days has gradually faded away. While this may or may not be truly a

**Exhibit F, Declaration of Mr. Peining Yu**

great deal for a six-year old little girl, as a father I am extraordinarily compelled to find a better and quicker way to bring all these to an end.

21.    Since the moment of signing on the N-400 Application for Naturalization, I had become mentally prepared to take the Oath of Allegiance. For some, it might be simply a ceremony. For me, the Oath of Allegiance is nothing but serious and sacred to undertake. I have been waiting for the moment to come since passing the interview in Jan 2004.

22.    My wife has been waiting in mainland China for me to become a U.S. citizen to file immediate relative visa petition for her to come and reestablish a life here in the United States. Unless I become a U.S. citizen, my family would have to be waiting for another 4 to 5 years or even longer to fulfill the plan. The emotional harm and financial burden have become increasingly unbearable.

I hereby declare under the penalty of perjury that the above information is true and correct to the best of my knowledge and belief.

Executed this on the 12th day of May 2007 at: 1116 Littleoak Circle, San Jose, CA 95129

Peining Yu

Declarant

**Exhibit F, Declaration of Mr. Peining Yu**